IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2005 JUN 10 A 9: 35

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>1130 22nd Street South<br>Suite 2000<br>Birmingham, AL 35205,<br><br>Applicant,<br><br>v.<br><br>ALABAMA DEPT. OF YOUTH SERVICES<br>P.O. Box 546 100 Industrial Road<br>Mount Meigs, AL 36057,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 2:05mc3256-T<br><br><br>MEMORANDUM IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE WHY A SUBPOENA SHOULD NOT BE ENFORCED |

## I. INTRODUCTION

This case is before the court on the application of the Equal Employment Opportunity Commission ("EEOC" or the "Commission") for an Order to Show Cause Why a Subpoena Should Not be Enforced. The EEOC is currently investigating a charge of sex discrimination and retaliation filed against the Alabama Department of Youth Services, ("Respondent"), under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"). In the course of its investigation, the EEOC issued a subpoena <u>duces</u> <u>tecum</u> seeking information and documents relating to, among other items, personnel records and leave donation records. To date, Respondent has refused to produce all of the requested information and documents, and that refusal has delayed and hampered the investigation of this charge. The EEOC therefore applies to this Court to issue an Order To Show Cause Why a Subpoena Should Not be Enforced.

## II. FACTUAL BACKGROUND

Charging Party filed a charge of discrimination alleging that Respondent subjected him to disparate treatment. Specifically, the charge alleges that Charging Party, who was hired as a security officer, was unlawfully denied donated leave on the basis of his sex, male. *Exhibit A, Declaration of Bernice Williams-Kimbrough, Birmingham District Office Director, ¶4a ("Dir. Dec.") and Attachment 1 thereto.* EEOC sent Respondent a notice of the Charge of Discrimination on April 27, 2004. The notice requested a statement from Respondent regarding its position on Charging Party's allegations. Respondent was requested to submit its position statement no later than May 10, 2004. *Dir. Dec., ¶4b, Attachment 2.* On August 4, 2004, the Commission via a telephone conversation requested specific documents from the Respondent. *Dir. Dec., ¶4c, Attachment 3.* On August 19, 2004, the Commission forwarded to Respondent a Request For Information (RFI). *Dir. Dec., ¶4c, Attachment 4.* On September 3, 2004, the Commission again spoke with the Respondent over the phone this time requesting a response to the RFI and was informed that a response would not be forthcoming without the issuance of a subpoena. *Dir. Dec., ¶4c, Attachment 5.*

On April 27, 2005, the Director of the Birmingham District Office issued and served upon Respondent subpoena duces tecum number BIDO-50035 seeking information related to the identity of employees who requested donated medical leave, the identity of those granted and those denied donated leave and all documentation used to support the approval or denial. *Dir. Dec., ¶4c, Attachment 5.* The subpoena directed Respondent to produce the documents by May 11, 2005. To date, Respondent has not submitted any of the information sought in this subpoena. *Dir. Dec., ¶6.*

III. ARGUMENT

A.   Respondent Failed to Exhaust Its Administrative Remedies and Has Waived Any Right to Challenge the Subpoenas.

Respondent did not exhaust its administrative remedies and therefore has waived all objections to enforcement of the subpoena. Pursuant to 29 U.S.C. § 161[1] and 29 C.F.R. § 1601.16(b), any recipient of an EEOC subpoena who does not intend to comply must petition the EEOC to revoke or modify the subpoena within five days of service of the subpoena. "A party's failure to attempt this administrative appeal procedure prevents the party from challenging the subpoena, except on constitutional grounds." EEOC v. Cuzzens of Georgia, 608 F.2d 1062, 1063-64 (5th Cir. 1979)(per curiam)("an employer served with an EEOC subpoena and making no effort to exhaust the available administrative remedies may not thereafter challenge the subsequent judicial enforcement of that subpoena for any reason short of objections based on constitutional grounds"); EEOC v. The Board of Public Education for the City of Savannah and the County of Chatham, 634 F. Supp. 134, 136 (S.D. Ga. 1986)("in this Circuit, a failure to exhaust all administrative procedures for review of an EEOC subpoena bars later judicial efforts for relief from it except on Constitutional grounds").

Respondent did not petition the EEOC to revoke or modify the subpoena within five days, as required by the statute and the related regulations. Indeed, Respondent has never so petitioned. *Dir. Dec.,* ¶5. Consequently, any objection that Respondent might raise to enforcement of the subpoena has been waived.

---

[1]. This section is incorporated into Title VII, 42 U.S.C. § 2000e et seq., by § 710, 42 U.S.C. § 2000e-9.

<u>Respondent Has No Valid Defenses for Failing to Comply with the EEOC's Subpoena.</u>

    1.    <u>Administrative subpoena enforcement proceedings are summary in nature.</u>

Even if Respondent were to raise objections, there are no valid defenses for failing to comply with the EEOC's subpoena. Administrative subpoena enforcement proceedings in federal court are summary in nature and involve only limited judicial review. <u>EEOC v. Lockheed Martin Corp., Aero & Naval Systems</u>, 116 F.3d 110, 113 (4th Cir. 1997) (district court's role in enforcing EEOC subpoenas is "sharply limited") (quoting <u>EEOC v. City of Norfolk Police Dep't</u>, 45 F.3d 80, 82 (4th Cir. 1995)); <u>EEOC v. Maryland Cup Corp.</u>, 785 F.2d 471, 475 (4th Cir.), <u>cert. denied</u>, 479 U.S. 815 (1986); <u>EEOC v. Peat, Marwick, Mitchell & Co.</u>, 775 F.2d 928, 930 (8th Cir. 1985), <u>cert. denied</u>, 475 U.S. 1046 (1986). To successfully petition a court to enforce an administrative subpoena, the Commission need only show: 1) that the subpoena is within the agency's authority; 2) that the agency has satisfied its own procedural (due process) requirements; and, 3) that the information sought is relevant to its investigation. <u>EEOC v. Shell Oil Company</u>, 466 U.S. 54, 72 n.61 (1984); <u>EEOC v. American & Efird Mills</u>, 964 F.2d 300, 302 (4th Cir. 1992); <u>EEOC v. Maryland Cup Corp.</u>, 785 F.2d at 475; <u>EEOC v. Peat, Marwick, Mitchell & Co.</u>, 775 F.2d at 930; <u>EEOC v. A. E. Staley Mfg. Co.</u>, 711 F.2d 780, 788 (7th Cir. 1983), <u>cert. denied</u>, 466 U.S. 936 (1984); <u>EEOC v. Children's Hospital Medical Center</u>, 719 F.2d 1426, 1428 (9th Cir. 1983) (<u>en banc</u>); <u>EEOC v. University of New Mexico</u>, 504 F.2d 1296, 1302 (10th Cir. 1974). Once this showing has been made by the Commission, the court must enforce the subpoena unless the party being investigated can prove that the subpoena is unduly burdensome. <u>E.g.</u>, <u>EEOC v. Children's Hospital Medical Center</u>, 719 F.2d at 1428; <u>EEOC v. Bay Shipbuilding Corp.</u>, 668 F.2d 304, 313 (7th Cir. 1981); <u>EEOC v. South</u>

Carolina Nat'l Bank, 562 F.2d 329, 332 (4th Cir. 1977); see Oklahoma Press Publishing v. Walling, 327 U.S. 186, 217 (1946).

1. <u>The subpoena is valid and within the EEOC's authority.</u>

Congress has authorized, and indeed mandated, that the EEOC investigate charges of discrimination alleging that Title VII has been violated. 42 U.S.C. § 2000e-5(b). The EEOC is investigating Charging Party's charge that Respondent engaged in gender discrimination in violation of Title VII. Congress conferred broad powers upon the Commission in furtherance of its investigatory responsibilities, granting the EEOC the right to obtain access to records of those entities against whom charges have been filed. The EEOC is authorized to subpoena any information "that relates to any matter under investigation or in question." 29 U.S.C. § 161 (incorporated into Title VII, 42 U.S.C. § 2000e et seq., by § 710, 42 U.S.C. § 2000e-9); see § 709(e) of Title VII, 42 U.S.C. § 2000e-8(a). The investigation seeks to determine if Respondent has engaged in discrimination on the basis of the Charging Party's gender; such an investigation is within the agency's statutory authority, and thus, the first prong of the test has been satisfied.

2. <u>All procedural prerequisites have been fulfilled.</u>

Moreover, the EEOC has complied with all procedural requirements underlying the subpoena. A valid charge has been filed and the subpoena contains all the information required by the EEOC's regulations. 29 C.F.R. § 1601.16 (elements of subpoena)[2]; see also EEOC v. Shell Oil

---

[2] 29 C.F.R. § 1601.16(a) states, in relevant part:
The subpoena shall state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested. A subpoena shall be returnable to a duly authorized investigator or other representative of the Commission.

Company, 466 U.S. 54, 68-69 (1984); 29 C.F.R. § 1601.12 (requirements of valid charge). Respondent cannot allege that these basic requirements have not been met.

    3.    <u>The information sought is relevant</u>.

Finally, the information sought by the subpoena is relevant to the issues under investigation. The concept of relevancy during an EEOC investigation is much broader than is that concept during litigation. Section 709(a) states the EEOC's right to information in broad terms, granting EEOC access to "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by [Title VII] and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). The Commission is uniformly afforded access to "virtually any material that might cast light on the allegations" against the employer. See <u>EEOC v. Shell Oil Co.</u>, 466 U.S. 54, 68-69 (1984) (noting with approval the trend among courts in enforcing administrative subpoenas if the material subpoenaed "touches a matter under investigation").

It is undeniable that the requested information "might cast light on the allegations" made by Charging Party. Charging Party alleges that Respondent unlawfully denied Charging Party's request for donated leave on the basis of his gender. Accordingly, EEOC seeks the identity of employees requesting donated leave and the documentation used by Respondent to grant or deny requests for donated leave. The information sought will (1) tend to prove or disprove Charging Party's charge of discrimination, (2) clarify the processes under investigation, and (3) otherwise further the goals of the investigation by identifying whether Respondent has complied with standards addressing claims of workplace discrimination in the area of gender based disparate treatment and otherwise. Thus, the information is relevant to the investigation and the subpoena must be enforced.

## IV. CONCLUSION

For the foregoing reasons, this court should enforce the EEOC's subpoena. The subpoena seeks information relevant to a valid charge of discrimination that is within the EEOC's enforcement authority. The Commission therefore urges the court to issue the accompanying proposed Order to Show Cause, and, after giving Respondent an opportunity to be heard, to enforce the subpoena.

Respectfully submitted,

James E. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Charles E. Guerrier
Regional Attoney

Mildred Byrd
Supervisory Attorney

Valerie Hicks-Powe
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, AL 35205
Ph: 205/212-2043
fax 205/212-2041