IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>1130 22nd Street South<br>Suite 2000<br>Birmingham, AL 35205,<br><br>Applicant,<br><br>v.<br><br>ALABAMA DEPT. OF YOUTH SERVICES<br>P.O. Box 546, 100 Industrial Rd.<br>Mount Meigs, AL 36057<br><br>Respondent. | CIVIL ACTION NO.<br><br>DECLARATION OF BIRMINGHAM DEPUTY DIRECTOR IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE WHY A SUBPOENA SHOULD NOT BE ENFORCED |

I, Beverly Hinton, Acting Deputy Director, state as follows:

1. I am the Acting Deputy Director of the Birmingham District Office of the Equal Employment Opportunity Commission ("EEOC"), and in that role, I am responsible for the day-to-day operations of the office, including the investigation of charges of employment discrimination.

2. The Birmingham District Office is responsible for investigating charges that employers have engaged in employment practices made unlawful by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").

3. Among the EEOC's investigative files in the Birmingham District Office is the charge file for Charge No. 130 2004 02580 (the "Charge"), filed against Alabama Department of Youth Services. ("Respondent") by Charging Party Alvin Turner.

EXHIBIT A

4. I state the following based on my personal examination of the file in Charge No. 130 2004 02580:

   a. On April 22, 2004, the EEOC's Birmingham District Office received the Charge, filed under Title VII by Alvin Turner, alleging, among other things, that he was subjected to disparate treatment on the bases of his sex, male. (Attachment 1).

   b. On April 27, 2004, the EEOC served Respondent with a notice of Charge of Discrimination. (Attachment 2). As part of the notice, the EEOC requested a written position statement from Respondent, returnable by May 10, 2004.

   c. On August 4, 2004, the investigator assigned to this file, telephone the Respondent and requested personnel and leave records. On August 19, 2004, the Commission forwarded to Respondent, a formal Request for Information (RFI). (Attachment 3). On August 30, 2004, the Commission received the Respondent's response in which it stated that the Respondent would not provide the requested information. (Attachment 4). On September 3, 2004, the investigator again telephoned the Respondent, and was informed that the information would not be forwarded unless subpoenaed. (Attachment 5). On April 27, 2005, the Commission issued a subpoena _duces tecum_, number BIDO 50035, as part of the investigation of the Charge. The information sought in the Subpoena was returnable on May 11, 2005. The subpoena was served on Respondent by certified mail. (Attachment 6).

5. Respondent has not filed a Petition to Revoke or Modify the Subpoena, and the five-day period for filing such a petition with respect to a Title VII subpoena has expired.

6.  As of the date of this Declaration, Respondent has failed to provide EEOC with any of the information requested in subpoena number BIDO-50035.

I declare under penalty of perjury that the foregoing is true and correct.

*Beverly Hinton*
Beverly Hinton
Acting Deputy Director,
Birmingham District Office

Date: 6/6/05

4. I state the following based on my personal examination of the file in Charge No. 130 2004 02580:

   a. On April 22, 2004, the EEOC's Birmingham District Office received the Charge, filed under Title VII by Alvin Turner, alleging, among other things, that he was subjected to disparate treatment on the bases of his sex, male. (Attachment 1).

   b. On April 27, 2004, the EEOC served Respondent with a notice of Charge of Discrimination. (Attachment 2). As part of the notice, the EEOC requested a written position statement from Respondent, returnable by May 10, 2004.

   c. On August 4, 2004, the investigator assigned to this file, telephone the Respondent and requested personnel and leave records. On August 19, 2004, the Commission forwarded to Respondent, a formal Request for Information (RFI). (Attachment 3). On August 30, 2004, the Commission received the Respondent's response in which it stated that the Respondent would not provide the requested information. (Attachment 4). On September 3, 2004, the investigator again telephoned the Respondent, and was informed that the information would not be forwarded unless subpoenaed. (Attachment 5). On April 27, 2005, the Commission issued a subpoena _duces tecum_, number BIDO 50035, as part of the investigation of the Charge. The information sought in the Subpoena was returnable on May 11, 2005. The subpoena was served on Respondent by certified mail. (Attachment 6).

5. Respondent has not filed a Petition to Revoke or Modify the Subpoena, and the five-day period for filing such a petition with respect to a Title VII subpoena has expired.

6.    As of the date of this Declaration, Respondent has failed to provide EEOC with any of the information requested in subpoena number BIDO-50035.

I declare under penalty of perjury that the foregoing is true and correct.

*Beverly Hinton*
Beverly Hinton
Acting Deputy Director,
Birmingham District Office

Date: 6/6/05