IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION No.  2:05-MC-3256-T |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| YOUTH SERVICES ) | |

### RESPONSE TO SHOW CAUSE ORDER

DYS, in response to the Court's Show Cause Order, requests a protective order holding that the exemption of the Freedom of Information Act, 5 U.S.C.A. § 552(B)(6), for certain personnel and medical files, applies to the documents produced, and limiting subsequent disclosure of the documents other than to the EEOC's staff.

The EEOC filed this action to enforce its subpoena issued pursuant to its authority in 42 U.S.C. § 2000e-9, seeking confidential medical information relating to Department of Youth Services (DYS) employees.  The relevant circumstances are as follows:

An employee of the Department of Youth Services (DYS) filed a Charge of Discrimination against DYS claiming discrimination by denial of his request for donated sick leave.  In essence he claims other employees in his medical condition were allowed to receive donations of sick leave from coworkers but he was not.

The EEOC requested medical information relating to the charging party's coworkers and DYS asked for a protective order or agreement prior to disclosing that confidential information.[1]

---

[1] DYS summarized the information but understandably the EEOC demands copies of the documents.  DYS does not deny that the information is relevant to the Charging Party's request but merely seeks protection regarding its employees rights of privacy.

The EEOC has refused to agree to a confidentiality order and has not agreed to maintain the information confidential insofar as the information is available to the public pursuant to the provisions of the Freedom of Information Act. (See Exhibit A).

## ARGUMENT

Information gathered by the EEOC is available to the public pursuant to the Freedom of Information Act. DYS does not object to production of the information for purposes of the investigation of this charge of discrimination, but does object to subsequent disclosure by the EEOC to the public.

Employees have a right to have their medical information kept confidential and DYS is subject to a suit for invasion of privacy for publicizing their medical information. *See, e.g., Whalen v. Roe*, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977). Individuals do have a limited right to privacy in their medical records. *Id.* at 602, 97 S.Ct. at 878. Moreover, production of the confidential information sought by the subpoena exposes DYS to potential common law claims for invasion of privacy. *See Minnifield v. Ashcroft*, ___ So.2d ___, 2004 WL 2827940 (Ala. Civ. App. 2004). The HIPPA regulations also have a bearing on the matter. Clearly, the records are confidential.

*United States v. Westinghouse Elec. Corp.*, 638 F.2d 570 (3d Cir.1980), reinforced the *Whalen v. Roe* decision and sheds light on this case. In *Whalen v. Roe*, the federal government, through the Occupational Safety and Health Agency (OSHA), issued a subpoena duces tecum to an employer for its employees' medical records in connection with an investigation of a potentially hazardous work area. The employer refused, asserting the privacy interests of its

2

employees. The Third Circuit Court of Appeals held that, on balance, the interests of the government in the information outweighed these privacy interests; however, they recognized that such records were deserving of a level of constitutional protection. "There can be no question that an employee's medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection." *Westinghouse*, at 577. The records at issue in Westinghouse included "results of routine testing, such as X-rays, blood tests, pulmonary function tests, hearing and visual tests." *Id.* at 579. This information, which is similar to the information sought in this case, is precisely the sort intended to be protected by penumbras of privacy. *See Eisenstadt v. Baird*, 405 U.S. 438, 450, 92 S.Ct. 1029, 1036, 31 L.Ed.2d 349 (1972) ("If the right of privacy means anything, it is the right of the individual ... to be free from unwanted governmental intrusions into matters so fundamentally affecting a person as the decision whether to bear or beget a child.").

The cases cited by the EEOC in Exhibit A do not appear to be controlling in this instance because this case seeks disclosure of medical information that is clearly confidential.

## **CONCLUSION**

DYS does not object to the production of the information to the EEOC but, out of an abundance of caution for the protection of the privacy interests of its employees, requests a protective order:

a) holding that the exemption of the Freedom of Information Act, 5 U.S.C.A. § 552(B)(6), for personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, applies to the documents produced, and

b) limiting subsequent disclosure of the information other than to the EEOC's staff.

        Respectfully submitted,

        TROY KING
        ATTORNEY GENERAL


        s/ T. Dudley Perry, Jr.
        T. Dudley Perry, Jr.
        Bar Number: 3985-R67T
        Deputy Attorney General
        Attorney for Defendants
        Alabama Department of Youth Services
        Post Office Box 66
        Mt. Meigs, Alabama 36057
        Telephone: (334) 215-3803
        Fax: (334) 215-3872
        E-Mail: dudley.perry@dys.alabama.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of June 2005, I electronically filed the foregoing **Response to Show Cause Order**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Charles E. Guerrier
    Regional Attorney

    Mildred Byrd
    Supervisory Attorney

    Valerie Hicks-Powe
    Senior Trial Attorney

      Equal Employment Opportunity Commission
      Ridge Park Place, Suite 2000
      1130 22nd Street, South
      Birmingham, AL 35205

            Respectfully submitted,

            TROY KING
            ATTORNEY GENERAL


            <u>s/ T. Dudley Perry, Jr.</u>
            T. Dudley Perry, Jr.
            Bar Number: 3985-R67T
            Deputy Attorney General
            Attorney for Defendant
            Alabama Department of Youth Services