

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**



Ridge Park Place
1130 22nd Street, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

June 23, 2005

T. Dudley Perry, Jr.
Department of Youth Services
Post Office Box 66
Mt. Meigs, Alabama 36057



RECEIVED
JUN 2 4 2005
DYS-LEGAL COUNSEL

     Re:    EEOC v. DYS, CV 2:05-MC-3256-T

Dear Mr. Perry:

     I have your letter of June 23, 2005, in which you propose complying with the EEOC administrative subpoena subject to the entry of a Protective Order. The EEOC cannot agree to your proposal and will oppose its entry should you submit it to the Court.

     Twenty-four years ago the Supreme Court rejected the argument that a respondent to an EEOC investigation had a categorical right to refuse to comply with an EEOC subpoena unless the Commission assured it that the information supplied would be held in absolute secrecy. EEOC v. Associated Dry Goods Corporation, 449 U.S. 590 (1981). In Associated Dry Goods the Court recognized that Congress had already imposed on the Commission a duty to maintain all information obtained during its investigation in confidence. Specifically, Section 709(e) of Title VII of the Civil Rights Act of 1964, as amended, makes it a misdemeanor for any officer or employee of the Commission "to make public in any manner whatever any information" the Commission obtains through its investigative powers before the institution of any proceeding involving such information. Nine years later the Supreme Court revisited the issue of confidentiality as it relates to "peer review" documents. University of Pennsylvania v. EEOC, 493 U.S. 182 (1990). In University of Pennsylvania, the Court concluded that Congress had considered the issue of confidentiality with regard to peer review records and had decided to provide only a "modicum" of protection. 493 U.S. at 192. The Court specifically refused to strike the balance any differently from that which Congress made.

     Since those two decisions, the courts have consistently rejected any confidentiality argument as the basis for imposing a protective order on the EEOC during the administrative process. See, EEOC v. City of Milwaukee, 54 F.Supp. 2d 885 (E.D. Wis. 1999); EEOC v. County of San Benito, 818 F.Supp. 289 (N.D. Calif. 1993); EEOC v. St. Louis Treatment Center, 45 FEP Cases 1061 (D.C. Mo. 1987); EEOC v. Roadway Express, 750 F.2d 40 (6th Cir. 1984); Valley Industrial Services v. EEOC, 32 FEP Cases 482 (ND Calif. 1983).

     Whatever interest your client may have in keeping these records confidential is sufficiently protected by the existing statutory provisions contained in Title VII. Further, if your client wishes to stamp "Confidential" on the documents which it produces, it is free to do so and



EXHIBIT
A

that designation will be taken into consideration when and if the administrative file is reviewed for production pursuant to the Freedom of Information Act, 5 U.S.C. § 552 and 552(b)(4) (2000). These provisions of the law represents Congress' balancing of your client's interests in maintaining confidentiality with regard to its records and the Commission's right to conduct a complete and thorough investigation of a charge of discrimination. The EEOC is not willing to enter into any agreement which alters that balance.

Sincerely,

Charles E. Guerrier
Regional Attorney

CEG/ms