IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Petitioner,

v.

ALABAMA DEPARTMENT OF YOUTH SERVICES,

Respondent.

CIVIL ACTION NO. 2:05-MC-3256-T (WO)

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on the Equal Employment Opportunity Commission's (EEOC) June 10, 2005 application seeking enforcement of a subpoena for records issued to the Alabama Department of Youth Services (DYS). In response to a show cause order from this court, DYS filed its response on June 29, 2005 objecting to disclosure of the records unless the EEOC agreed to confidentiality measures. Upon consideration of the EEOC's enforcement application and DYS's response, the court concludes that DYS's objections should be overruled and the subpoena should be enforced but only subject to an order of the court prohibiting the EEOC from disclosing personally identifiable medical information to the charging party.

This enforcement action arises out of a charge of discrimination filed by an employee of DYS who contends he was subjected to disparate treatment and retaliation in

relation to a denial of his request for donated sick leave.[1] The subpoena seeks the identity of employees requesting donated sick leave and documentation used by DYS to grant or deny these requests. In response to the court's show cause order, DYS does not challenge the authority of the EEOC to obtain the information.[2] Rather, DYS refuses to disclose the information unless the EEOC agrees to a confidentiality order or confidentiality agreement because the information sought includes employees' confidential medical information, the disclosure of which would violate the employees' privacy rights. Further DYS requests that the court "hold" in a protective order that the documents produced are subject to the provisions of the Freedom of Information Act, 5 U.S.C. § 552(b)(6) which excludes from Freedom of Information requests "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

Congress has addressed situations in which an employer has an interest in the confidentiality of its records which may be sought by the EEOC. Under the provisions of 42 U.S.C. § 2000e-8(e), it is "unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission

---

[1]When asked to enforce an EEOC subpoena, the court is responsible to insure that the charge is valid and the material requested is relevant to the charge. *EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 (1984). Based on the information provided by the EEOC, the court concludes that the information sought is relevant to a legitimate charge. Of course, the court expresses no opinion about the ultimate merits of the charge.

[2]The EEOC has the necessary authority to obtain the information sought. *See* 42 U.S.C. §§ 2000e-8(a), 2000e-9.

pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information."[3] In *Univ. of Pennsylvania v. Equal Employment Opportunity Commission*, 493 U.S. 182 (1990), the Court considered this statute in resolving a dispute between the University and the EEOC about tenure files. A charging party was denied tenure by the University, and she charged discrimination on the basis of race, sex and national origin. During the EEOC's investigation it issued a subpoena seeking production of the tenure files of the charging party and five male faculty members. Against claims of privilege, the district court and court of appeals ordered enforcement of the subpoena. The Supreme Court affirmed.

> Although the text of the access provisions thus provides no privilege, Congress did address situations in which an employer may have an interest in the confidentiality of its records. The same § 2000e-8 which gives the Commission access to any evidence relevant to its investigation also makes it "unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding" under the Act. A violation of this provision subjects the employee to criminal penalties. *Ibid*. To be sure, the protection of confidentiality that § 2000e-8(e) provides is less than complete. But this, if anything, weakens petitioner's argument. Congress apparently considered the issue of confidentiality, and it provided a modicum of protection. Petitioner urges us to go further than Congress thought necessary to safeguard that value, that is, to strike the balance differently from the one Congress adopted. Petitioner, however, does not offer any persuasive justification for that suggestion.

493 U.S. at 192-93 (footnote omitted).

---

[3] 42 U.S.C. § 2000e-8(e) further provides that "Any officer or employee of the Commission who shall make public in any manner whatever any information in violation of this subsection shall be guilty of a misdemeanor and upon conviction thereof, shall be fined not more than $1,000, or imprisoned not more than one year."

The protection afforded by § 2000e-8(e) is even more limited because it does not prohibit the EEOC from disclosing investigative information to the charging party. *EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 598 (1981). Undoubtedly, employees have a strong privacy interest in the contents of their medical records and employers have an interest in protecting those records. *See Whalen v. Roe*, 429 U.S. 589, 599 (1977) (Recognizing constitutionally protected interest in avoiding "disclosure of personal matters" which would include medical information); *Padgett v. Donald*, 401 F.3d 12733 (11th Cir. 2005) ("To date, the Supreme Court has recognized two types of interests protected by the right to privacy. First, the right to privacy guards an individual's interest in avoiding disclosure of certain personal matters. Second, it protects an individual's personal autonomy in making certain important decisions, such as those involving marriage, contraception, and procreation").

The court has found no case involving an EEOC subpoena of confidential medical records. In *EEOC v. Aon Consulting, Inc.*, 149 F.Supp.2d. 601 (S.D. Ind. 2001), the court confronted a subpoena enforcement action in which the respondent sought protection from *unrestricted* disclosure of confidential tests and validation studies. Like DYS, Aon did not object to production; rather, it sought assurances that the information would remain confidential. The *Aon* court, relying on the reasoning of *EEOC v. C & P Telephone Co.,* 813 F.Supp. 874 (D.D.C. 1993) and rejecting *EEOC v. City of Milwaukee*, 54 F.Supp.2d 885 (E.D. Wis. 1999), enforced the subpoena but only on the condition that the EEOC enter into a written confidentiality agreement barring the EEOC from

disclsoing the information to the charging party.

In the present case, the EEOC has shown that the information it seeks may be relevant to its investigation into alleged discriminatory application of DYS's donated leave program. However, the EEOC has not demonstrated any reason, much less any cogent reason, why disclosure to the charging party of the medical information about other employees is necessary to its investigation.[4] The mere fact that the EEOC *can* disclose to the charging party the contents of the charging party's file does not mean that the EEOC *should* make disclosure in all circumstances. The failure of Congress to exclude the charging party from the proscriptions of § 2000e-8's protections does not suggest otherwise. In other words, the principle of statutory construction that the mention of one thing implies the exclusion of another, or *expressio unius est exclusio alterius*, is merely "an aid to construction, not a rule of law. It is not conclusive, is applicable only under certain conditions, is subject to exceptions, may not be used to create an ambiguity, and requires great caution in its application." *United States v. Castro*, 837 F.2d 441, 443 n. 2 (11th Cir.1988). The privacy interests involved here caution the need for further protection of medical information.

The court concludes, therefore, that some further, albeit limited, protection of the medical information of DYS employees is appropriate under the circumstances. *Univ. of Pennsylvania* makes clear that the Congressional choices about the extent of protection

---

[4]In this case, the EEOC has not even suggested it would require the charging party to sign a nondisclosure agreement, *see Associated Dry Goods*, 449 U.S. at 596-98. The efficacy of such an agreement is suspect since there is no enforcement mechanism for violations.

needed should be respected; thus, the court will not make findings about the applicability of the Freedom of Information Act nor otherwise expand the protections from disclosure to persons other than the charging party under § 2000e-8. The court does conclude that the appropriate course is to order the EEOC not to disclose personally identifiable medical information of DYS employees to the charging party unless the EEOC obtains prior approval from the court. This will protect the privacy interests involved while affording the EEOC ample ability to complete its investigation. Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1. That the court enter an order enforcing the subpoena and ordering DYS to comply with the subpoena by a date certain.

2. That the court order the EEOC and its officers and employees to not disclose to the charging party any personally identifiable medical information or records about other employees unless the EEOC obtains prior approval of the court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before September 1, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in

the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of August, 2005.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE