IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Petitioner, | ) ) | CIVIL ACTION NO. 2:05 - MC-3256-T (WO) |
| v. | ) ) | OBJECTIONS OF THE EEOC TO THE |
| ALABAMA DEPARTMENT OF YOUTH SERVICES, | ) ) | REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE |
| Respondent. | ) ) | |

NOW COMES Petitioner, the Equal Employment Opportunity Commission (hereinafter the "EEOC"), and, by and through its attorneys, files the following objections to the proposed findings and recommendations contained in the Report and Recommendation of the Magistrate Judge entered on August 19, 2005.

I.    SUMMARY OF OBJECTIONS

The EEOC objects to the Report and Recommendation on both factual and legal grounds. Each ground will be discussed more thoroughly below.  In summary, however, the EEOC asserts that:

1.    The Report and Recommendation is factually faulty in that it is premised upon the mistaken belief that the EEOC discloses medical records, obtained during an investigation of a charge of discrimination, to the public or the charging party.  As shown below, such records are not disclosed by the EEOC.

2.    The Report and Recommendation is unnecessarily broad in its scope, reaching issues

1

not raised by the Respondent.

3.    To the extent that the Report and Recommendation compels the EEOC to obtain prior approval from the court before any such records are disclosed to the charging party, it is contrary to the course consciously selected by Congress for the handling and production of such records.

II.    BACKGROUND

This is a subpoena enforcement action which arises out of a charge of discrimination filed by an employee of the Department of Youth Services ("DYS") who contends that he was subjected to unequal treatment and retaliation with regards to his request for donated sick leave.  Through its subpoena the EEOC seeks the identify of employees who requested donated sick leave and documentation used by DYS to grant or deny those requests.  DYS does not challenge the authority of the EEOC to obtain this information.  According to its Response to the Order to Show Cause, "DYS does not object to production of the information for purposes of the investigation . . ., but does object to subsequent disclosure by the EEOC to the public."  DYS Response, page 2.  In particular, DYS wants the EEOC to maintain the information confidential "insofar as the information is available to the public pursuant to the provisions of the Freedom of Information Act." In support of this argument, DYS states, without citation to authority, that "[i]nformation gathered by the EEOC is available to the public pursuant to the Freedom of Information Act.

Based upon DYS's Response, the Magistrate Judge has recommended that the court enter an order enforcing the EEOC's subpoena.  However, the Magistrate Judge has also recommended that the EEOC and its officers and employees be ordered not to disclose to the charging party any personally identifiable medical information or records about other employees unless the EEOC

2

obtains prior approval of the court.  In reaching this conclusion, the Magistrate Judge states that it

is not making any findings about the applicability of the Freedom of Information Act nor otherwise

expanding the protections from disclosure to persons other than the charging party under § 2000e-8.

III.    MEDICAL RECORDS OBTAINED DURING AN INVESTIGATION ARE NOT
        DISCLOSED BY THE EEOC TO THE PUBLIC OR THE CHARGING PARTIES

        The Report and Recommendation is based upon the premise that the EEOC makes

information gathered during its investigation available to the public pursuant to the Freedom of

Information Act.  This is erroneous.  The EEOC does not make its administrative files available to

the public.  As noted by the Magistrate Judge, it is unlawful for the EEOC, its officer, or employees

to make public in any manner whatever, any information obtained by the Commission pursuant to

its authority prior to the institution of a proceeding pursuant to Title VII.  Whenever the EEOC

receives a Freedom of Information Act request for an administrative file from a member of the

public[1], that request is denied on the basis of statutory confidentiality.  Consequently, there is not

likelihood that the medical records sought by the Commission will be made public pursuant to the

Freedom of Information Act.

        While the EEOC will make portions of the administrative file available to a charging party

once the administrative file has been closed, it will only do so if the notice of right to sue issued to

the charging party has not expired without suit being filed.  Once a notice of right to sue expires

without suit being filed the charging party becomes a member of the "public" and is not entitled to

any documents from the administrative file.  See, EEOC Compliance Manual, Section 83.  Even then

the charging party is not entitled to every document contained in the administrative file.

_____

        [1]The Supreme Court, in EEOC v. Associated Dry Goods Corp., 449 U.S. 590 (1981) held
that the charging party is not a member of the "public".

The Freedom of Information Act specifically addresses the handling of personnel and medical files. Section 552(b)(6) exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy". The Supreme Court spoke to the issue of privacy United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989).[2] In Reporters Committee the Court set forth five guiding principles that govern the process by which determinations are to be made under both Exemptions 6 and 7(C) alike. For the purposes of this case, the Court held that the agency must engage in a balancing process whenever personal privacy interests are threatened by a requested disclosure. Under the Reporters Committee test, before private documents may be released the agency must determine that disclosure would serve the public interest. The burden of establishing that disclosure would serve the public interest is on the requester. The public interest identified by the Supreme Court in Reporters Committee is the core purpose for which Congress enacted the FOIA: to shed light on an agency's performance of its statutory duties. Information that does not directly reveal the operations or activities of the federal government falls outside of the public interest that the FOIA was enacted to serve. Reporters Committee makes it clear that the requester's personal interest is irrelevant. Accordingly, a request made for the purpose of obtaining impeachment evidence does not further the public interest. Neely v. FBI, 208 F.3d 461 (4th Cir. 2000). Nor does a request made in order to obtain or supplement discovery in a private lawsuit. In fact, one court has observed that if the requester truly has a great need for the records for purposes of litigation, he or she should seek them in that forum, where it would be possible to provide them

---

[2]While Reporters Committe spoke directly to Exemption 7(C) of the FOIA, its rationale is equally applicable to Exemption 6.

4

under an appropriate protective order. <u>Gilbey v. Dep't of the Interior</u>, No. 89-0801, 19990 WL 174889, at *2 (D.D.C. Oct. 22, 1990).

The EEOC handles all requests for copies of administrative files consistent with the guidance in <u>Reporters Committee</u>. Medical files are not routinely produced to charging parties whenever they request copies of their files. These files are either withheld under Exemption 6 or, if the requester establishes that there is a public interest in producing those files which outweighs the privacy concerns, these files are redacted to protect the privacy interests of the individuals involved.

In the present case, the specific information contained in the medical files sought by the EEOC, while relevant to a determination as to whether or not the charging party was treated disparately in violation of the law, would not ordinarily shed light on the agency's performance of its duties. Consequently, they would not be produced to the charging party.

Because there is no likelihood that the medical records sought by the Commission would ever be made public, either by disclosure to the general public or by disclosure to the charging party, the recommended protective order is unnecessary.

IV.    THE REPORT AND RECOMMENDATION REACHES ISSUES NOT RAISED BY THE RESPONDENT.

Respondent has not objected to the production of the requested medical records for use during the investigation of this charge. "DYS does not object to production of the information for purposes of the investigation of this charge of discrimination, but does object to subsequent disclosure by the EEOC to the public." Response of DYS, page 2. As noted above, DYS does not identify disclosure to the charging party as an issue. To the extent that the Report and Recommendation focuses upon disclosure to the charging party, it misconstrues the objections raised

5

by DYS.

If, on the other hand, DYS's objections can be construed to extend to the disclosure of personally identifiable medical information or records about other employees to the charging party during its investigation, there has been no showing that such disclosure is likely to occur. Indeed, such records are not disclosed to the charging party during an investigation. As Section 83 of the EEOC Compliance Manual states, the only document which may be disclosed to charging parties and their attorneys are the respondent's position statement, containing the employer's explanation for taking the action which it took. Confidential material is never disclosed to the charging party and is always removed from files before they are disclosed. Section 83.6, EEOC Compliance Manual. To the extent that the Magistrate Judge concluded that the EEOC would disclose such information to the charging party[3], the Magistrate Judge is mistaken. Such disclosures are not made and Respondent has not presented any evidence to suggest that they are.

V.    THE PROPOSED ORDER IS CONTRARY TO THE WELL-ESTABLISHED LAW UNDER THE FOIA.

As noted above, Congress has directly spoken to the question of the production of medical files in response to a FOIA request. Indeed, such files are exempt from disclosure. 5 U.S.C. Sec. 552 (b)(6). The Supreme Court has established a protocol to be followed by all governmental agencies when confronted with a request for such information. See, United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989). As discussed above, the EEOC follows this protocol whenever it gets a request under the FOIA for medical records. As

---

[3]"However, the EEOC has not demonstrated any reason, much less any cogent reason, why disclosure to the charging party of the medical information about other employees is necessary to its investigation." Report and Recommendation, pg. 5.

this is the balance which has been stuck by Congress with regard to the production of medical records held by every federal agency, that balance should not be modified absent clear Congressional guidance. ("Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement." Jove Eng'g, Inc. v. IRS, 92 F.3d 1539, 1552 (11ᵗʰ Cir. 1996) (quoting Badaracco v. C.I.R., 464 U.S. 386 (1984).

To the extent that the Magistrate Judge has recommended that an order issue which would require the EEOC to obtain prior approval of the court before any such records are produced would, in effect, alter the scheme adopted by Congress when it enacted Exemption 6 to the FOIA, and would effectively overturn the balancing test established by the Supreme Court in Reporters Committee.

## VI.    CONCLUSION

Because Respondent has conceded that the subpoenaed documents are relevant to the EEOC's investigation, and because there are currently in place adequate protections for the privacy of the individuals involved, the EEOC requests that the Court adopt only that portion of the Magistrate Judge's Report and Recommendation which orders DYS to comply with the subpoena issued by the EEOC, and reject, as unnecessary, that portion of the Report and Recommendation which orders the EEOC to obtain prior approval of the court before disclosing any personally identifiable medical information or records about other employees.

Respectfully submitted,

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

_/s/ Charles E. Guerrier___
Charles E. Guerrier (OH 0023546)
Regional Attorney


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Phone: 205-212-2044
Fax: 205-212-204

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2005, I electronically filed the foregoing

Objections of the EEOC to the Report and Recommendations of the Magistrate Judge, with the Clerk

of Court using the CM/ECF system which will send notification of such filing to the following:

T. Dudley Perry, Jr.
Deputy Attorney General
Alabama Department of Youth Services
Post Office Box 66
Mt. Meigs, Alabama 36057


__/s/ Charles E. Guerrier_____
Charles E. Guerrier
Ohio Bar 0023546
Attorney for EEOC